# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2020

Lyle W. Cayce
Clerk

No. 19-30745

BRETTE TINGLE,

*Plaintiff—Appellant*,

*versus*

TROY HEBERT, IN HIS INDIVIDUAL OFFICIAL CAPACITY AS THE COMMISSIONER OF THE OFFICE OF ALCOHOL AND TOBACCO CONTROL OF THE LOUISIANA DEPARTMENT OF REVENUE; OFFICE OF ALCOHOL AND TOBACCO CONTROL OF THE LOUISIANA DEPARTMENT OF REVENUE,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CV-626

Before DAVIS, STEWART, and HO, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-30745

Brette Tingle worked as a supervisory agent for the Louisiana Office of Alcohol and Tobacco Control ("ATC"). During the course of an investigation into Tingle, ATC searched his state-issued cell phone. ATC discovered racist and sexist text messages sent by Tingle and fired him. ATC Commissioner Troy Hebert detailed Tingle's termination in press releases and interviews with local news media.

Tingle responded by bringing a host of claims against both ATC and Hebert. Following a six-day trial, the jury found in favor of ATC and Hebert on all claims. Tingle renewed his motion for judgment as a matter of law and filed a motion for new trial, both of which the district court denied. He launched a timely appeal.

Before us are Tingle's claims against Hebert, both related to the search of his state-issued cell phone: actions for invasion of privacy in violation of the Louisiana and federal Constitution, and for defamation. We review de novo the district court's denial of a motion for judgment as a matter of law. *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 620 (5th Cir. 2013). We will only reverse if "the jury's factual findings are not supported by substantial evidence, or if the legal conclusions implied from the jury's verdict cannot in law be supported by those findings." *Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 614 (5th Cir. 2018) (quoting *OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669, 676 (5th Cir. 2016)).

Tingle's arguments are without merit. First, even if we assume arguendo that Tingle had a reasonable expectation of privacy concerning his state-issued cell phone, the evidence presented at trial supports the jury's finding that the search was justified at its inception and not excessive in scope. *See City of Ontario, Cal. v. Quon*, 560 U.S. 746, 764 (2010). The evidence also supports the jury's conclusions that the contents of Hebert's communication with the media were true. *See Cangelosi v. Schwegmann Bros.*

No. 19-30745

*Giant Super Markets*, 390 So. 2d 196, 198 (La. 1980) (tort of defamation requires falsity); *Jaubert v. Crowley Post-Signal, Inc.*, 375 So.2d 1386, 1388 (La. 1979) (claim of invasion of privacy under Louisiana Constitution requires falsity). Finally, the evidence supports the jury's finding that Hebert's conduct did not amount to an unreasonable public disclosure of embarrassing private facts. *See Jaubert*, 375 So.2d at 1389 ("An actionable invasion of privacy occurs only when the defendant's conduct is unreasonable and seriously interferes with the plaintiff's privacy interest.") (footnote omitted).

The district court's judgment is AFFIRMED.